FILED
OCT 27 2021
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:21CR00575 HEA/NCC |
| v. ) | |
| ) | |
| DAVID B. ARMSTRONG, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1.    Federal law defined the term

(a)    "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

(b)    "sexually explicit conduct" to mean actual or simulated--

    (i)    sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

    (ii)    bestiality,

    (iii)    masturbation,

    (iv)    sadistic or masochistic abuse, or

(v) lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A));

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. On or about June 27, 2008, in the United States District Court for the Eastern District of Missouri, in *United States of America v. David B. Armstrong*, Cause Number 4:08 CR 214 ERW, defendant pleaded guilty to two counts Possession of Child Pornography and Possession of Child Pornography and was sentenced on September 11, 2008, to 51 months' imprisonment followed by lifetime supervised release.

4. Between on or about June 1, 2021, and on or about June 22, 2021, within the Eastern District of Missouri and elsewhere,

**DAVID B. ARMSTRONG,**

the defendant herein, knowingly received images and videos of child pornography using any means or facility of interstate and foreign commerce, that is, the defendant received graphic image files via the Internet which contained child pornography, including, but not limited to, the following:

a. "1_49473615840380l9201.mp4," a graphic video file that depicts, in part, two naked prepubescent minor females and one naked prepubescent minor male in a lascivious display of their genitals and engaged in oral sex;

b. "VID_20210602_063246_801.mp4," a graphic video file that depicts, in part, a naked prepubescent minor female, in a lascivious display of her genitals;

c. "Screenshot_2021-05-17-22-37-44.png", a graphic image file that depicts, in part, a bound naked prepubescent minor female with duct tape over her mouth, in a lascivious display of her genitals;

In violation of Title 18, United States Code, Section 2252A(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(2) as set forth in Count I of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book,

magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. Nokia 2 V Tella smartphone, Model: TA-1221, serial number: aarmsth0080a910222, containing a 16 GB SanDisk MicroSD memory card;

    b. LG Phoenix 3 smartphone, Model: LG-M150, serial number: 711CQQX667484; and

    c. Sonim XP3 flip phone, Model: XP3800, serial number: F5109742.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
ROBERT F. LIVERGOOD, #35432MO
Assistant United States Attorney